**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JASON READ, Reg # 09425-062                                          PLAINTIFF

v.                                    2:15CV00101-JM-JJV

UNITED STATES OF AMERICA                                            DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James

M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the new hearing (if such a  hearing is granted)

was not offered at  the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Jason Read ("Plaintiff") is an inmate of the Federal Bureau of Prisons ("BOP") and filed this Federal Torts Claims Act[1] cause of action *pro se*.  Plaintiff alleges BOP personnel were negligent for not providing him necessary medical care.  (Doc. No. 2. at 1-4.)  Specifically, he claims BOP medical care providers were negligent by failing to: (1) surgically remove bullet fragments from his right shoulder when Plaintiff was shot during his May 2003 arrest; (2) treat his Hepatitis C with the medication Sovaldi; (3) adequately diagnose and treat an injury to his left ankle; and (4) surgically remove a fatty cyst under his left arm.  (*Id.*)

Defendant has now moved for summary judgment.  (Doc. Nos. 39-41.)  Plaintiff has responded (Doc. Nos. 47-49), and Defendant has replied (Doc. No. 52).  Therefore, the matter is ripe for disposition.  After careful consideration of the pleadings and Plaintiff's Complaint, for the foregoing reasons, I find summary judgment is appropriate and this matter should be DISMISSED.

---

[1]The Federal Tort Claims Act gives federal district courts jurisdiction over claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

## II.     SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id*. (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    ANALYSIS

The United States seeks summary dismissal on two points.  First, Defendant claims summary judgment is appropriate because Plaintiff has failed to provide medical expert testimony.  (Doc. No. 40 at 9-13.)  Defendant states:

> . . . in order to get to the fact finder, the Plaintiff must introduce medical expert testimony to prove the medical standard for treating residual bullet fragments, the medical statement [*sic*] for treating Hepatitis C, the medical standard for treating an ankle injury, the medical standard for treating a benign cyst to the left axilla, and how any medical care provider at FCC - Forrest City deviated therefrom.  Ark. Code

Ann. § 16-114-206(a)(1)-(2).

(*Id.* at 11.)  Defendant also argues that Plaintiff must have a medical expert to prove proximate causation.  (*Id.* at 12-13.)  Defendant states, ". . . Read's proof in this case also lacks any testimony by a qualified medical expert that there was any injury sustained as a result of the deviation in the standard of care that would not have otherwise occurred.  Ark. Code Ann. § 16-114-206(a)(3). . . " (*Id.* at 13.)

Second, Defendant claims summary judgment is appropriate because Plaintiff has failed to meet proof with proof.  Defendant states, ". . . the testimony of Martin Tindel, M.D., Clinical Director at FCC - Forrest City, Arkansas, and the Plaintiff's medical records establish that the medical care providers at FCC - Forrest City appropriately managed and treated Mr. Read's various conditions as set forth below."  (*Id.*)

For the below reasons, I reject Defendant's first argument.  However, I find the second argument has merit and summary judgment should be granted on this basis.

## A.    **Medical Expert**

Arkansas law provides that, in an action for medical injury, a Plaintiff must prove the applicable standard of care and a deviation therefrom, unless the negligence asserted is common knowledge to lay persons.  Ark Code Ann. §16-114-206(a)(1)-(3) states:

> (a) In any action for medical injury, when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, the plaintiff shall have the burden of proving:
>
>> (1) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant, the degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which he or she  practices or in a similar locality;
>>
>> (2) By means of expert testimony provided only by a medical care provider

of the same specialty as the defendant that the medical care provider failed to act in accordance with that standard; and

     (3) By means of expert testimony provided only by a qualified medical expert that as a proximate result thereof the injured person suffered injuries that would not otherwise have occurred.

Ark Code Ann. §16-114-206(a)(1)-(3).

Here, Plaintiff raises a question of the standard of care required to determine (1) whether surgery is required to remove the bullet fragments and his cyst; (2) if a specific treatment for Hepatitis C is warranted; and (3) how to best diagnose and treat an ankle injury.[2] I find the first two determinations are beyond the common knowledge of a layperson and require analysis by a medical expert. But I also find dismissal on this basis would be unjust. Mr. Read requested a medical expert and I denied that request. (Doc. Nos. 47, 51.) Furthermore, if dismissal were permitted on this basis, the United States would prevail in almost every case against prisoners - regardless of whether or not they have been negligent. Defendant has provided persuasive authority on this point, but I believe justice requires I reject the United States' Motion in this regard. *See Spann v. Roper*, 453 F.3d 1007, 1009 (8th Cir. 2006) ("We also find it incongruous that the district court denied Spann's motion for an expert witness and then granted summary judgment in part based on Spann's failure to provide verifying medical evidence that the delay had detrimental effects.")

B.    **Failure to Meet Proof with Proof**

Defendant has provided the declaration of Martin Tindel, M.D., and argues Plaintiff has failed to meet proof with proof. As previously noted, they state, "the testimony of Martin Tindel, M.D., Clinical Director at FCC - Forrest City, Arkansas, and the Plaintiff's medical records establish that the medical care providers at FCC - Forrest City appropriately managed and treated Mr. Read's

---

[2]Plaintiff's ankle injury claim would not require a medical expert but is borderline frivolous and merits dismissal on its face, as is more fully discussed *infra*.

various conditions. . . ." (Doc. No. 40 at 13.)  I recognize Mr. Read believes Dr. Tindel could be considered the "fox in the henhouse " and rejects any reliance on his opinions.  (Doc. No. 48 at 12-13).  But after carefully reviewing Dr. Tindel's declaration and Mr. Read's accompanying medical records (Doc. No. 45[3]), for the following reasons, I find Dr. Tindel's opinions are reliable.  It is important to note that Dr. Tindel has mainly just recited what the medical records reveal.  So I find no bias in his Declaration.

        1.      Plaintiff's Shoulder

On June 20, 2012, Plaintiff sought treatment to address the bullet fragments in his right shoulder.  (Doc. No. 48. at 6).  Plaintiff says, "Currently, the BOP has yet to fully diagnose this condition or craft a treatment plan." (*Id*.)

However, according to Plaintiff's medical records, Plaintiff was seen seven times by  BOP medical care providers.  (Doc. No. 45. at 2-3.)  On July 18, 2012, Plaintiff received a health screening at FCI Forrest City- Medium during which time he made no complaints to medical staff about his right shoulder. (*Id*. at 2.)  Plaintiff was next seen by a contract physician in a chronic care clinic on July 26, 2012.  Again he made no complaints about his right shoulder. (*Id*.)  On July 3, 2013, Plaintiff was seen in the chronic care clinic and again made no complaints regarding his shoulder. (*Id*.)

On May 1, 2014, Plaintiff was evaluated in the general surgery clinic for treatment of the bullet fragments in his neck and shoulder.  The surgeon recommended a CT scan of the Plaintiff's neck and chest (*Id*. at 2-3).  The CT scan was completed on October 9, and revealed "small bullet fragments embedded within the anterior right shoulder soft tissues and multiple gallstones." (*Id. at*

---

[3]Because of privacy concerns, Defendant filed the Declaration of Dr. Tindel and Plaintiff's medical records under seal.  (Doc. No 45.)

3).  During this visit, Plaintiff also received a CT of his spine that revealed moderate spondylosis and degenerative disc disease.  (Doc. No. 45 at 3.)  Based on the CT scans, Plaintiff was seen again on May 14, 2015, for a general surgery consultation.  (*Id*. at 3-4.)  It was recommended that Plaintiff see a spine expert but no surgery was ordered.  (*Id.* at 4.)

On June 23, 2014, Plaintiff was seen in the chronic care clinic on a follow-up from a previous visit but made no present claims of weakness or numbness in his right arm.  (*Id*. at 3.)  However, the attending medical personnel did note that an examination of Plaintiff's right arm revealed decreased sensation in the right thumb area.  (*Id*.)

The most recent chronic care visit occurred on June 3, 2015.  (*Id.* at 4.)  Treatment notes report Plaintiff had a history of a gunshot wound "with known bullet fragments present to anterior right shoulder.  No real pain reported."  (Doc. No. 45, Att. 15 at p. 1.)  Plaintiff was transferred to FCI Fort Worth, Texas, on September 9, 2015.  (*Id.* at 4.)

I realize Plaintiff feels BOP medical staff were negligent with respect to his right shoulder by failing to treat or fully diagnose his injuries.  However, the information from Dr. Tindel's declaration - supported by Plaintiff's own medical records - indicates that BOP medical staff conducted adequate treatment of Plaintiff's right shoulder.  (Doc. No. 45. at 1-4.)

Beyond the unsupported allegations in his pleadings, Plaintiff has not provided any contradictory support or evidence to support his claims.  Plaintiff's unsupported statements are insufficient at the summary judgment stage.  *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) ("When the movant makes a prima facie showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.") (quoting *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569, 11 S.W.3d 531 (2000) (internal quotations omitted)).

7

Even giving Plaintiff all benefit of the doubt and looking past the declaration of Dr. Tindel, I still must conclude that Mr. Read has not established any negligence by Defendant. The medical evidence clearly reveals Mr. Read received regular treatment for his shoulder. While his treatment may not have been on par with treatment he might have received from a private doctor, I find no negligence here by the BOP medical personnel.

  2. Plaintiff's Hepatitis

Plaintiff claims that Defendant was negligent in treating his Hepatitis C by failing to prescribe Sovaldi. (Doc. No. 2 at 2-3.) He further elaborates that Defendant is negligent for failing to adhere to Center for Disease Control (CDC) treatment guidelines and instead following BOP medical protocols. (Doc. No. 48. at 7.) Plaintiff asserts that because the CDC is a federal regulatory agency, then the BOP, as a federal entity, must follow the CDC's guidelines for medical treatment of Hepatitis. (*Id.*)

Dr. Tindel's declaration reports that after Plaintiff's July 18, 2012, initial health screening, the attending medical personnel ordered labs to assess the Plaintiff's HPV viral load and genotype. (Doc. No. 45. at 4.) A follow-up examination by a contract physician on July 26, 2012, indicated that Plaintiff's liver enzymes were within normal levels. (Id. at 5.) On January 2, 2014, Plaintiff requested Hepatitis C medication and, after a clinical evaluation by BOP medical personnel on January 16, 2014, was found not to have met the BOP clinical guidelines for additional treatment as his liver did not show evidence of progressive fibrosis. (*Id.*) Plaintiff had more blood work done on June 19, 2014, and his results were within normal limits. (*Id.*) Dr. Tindel states, "After his transfer to FCI Fort Worth, Texas, a June 15, 2015 review of his Hepatitis C status again indicated that his low viral load did not qualify him as a high priority case under BOP protocols." (Id. at 6.)

Again, I find Plaintiff's unsupported allegations fail to overcome Defendant's evidence on

this point.  Plaintiff's belief that Sovaldi is required to treat his Hepatitis is insufficient to show negligence.  The allegations in his Complaint alone fail to support a claim of negligence.  And the declaration of Dr. Tindel puts to rest any concern I might have regarding the level of care Mr. Read has received for his Hepatitis.

### 3.      Plaintiff's Left Ankle

Plaintiff's ankle injury claim is borderline frivolous.  On June 24, 2014, Plaintiff suffered an ankle injury while playing soccer. (Doc. No. 2. at 3.)  Plaintiff alleges that Defendant was negligent in treatment of his ankle injury because (1) Defendant did not complete an x-ray of Plaintiff's ankle; (2) Plaintiff also was not seen by a doctor or equivalent medical professional; and (3) Defendant provided Plaintiff with no further medical treatment after the initial intake for the ankle injury. (*Id.*)

On reporting his injury to health services on June 24, 2014, Plaintiff was seen by a registered nurse who diagnosed him with ankle sprain/strain and treated his injury with an ace bandage, ibuprofen, ice treatment, and crutches. (Doc. No. 45. at 6).  The Plaintiff's medical record shows no evidence that Plaintiff made any further complaints about his ankle injury or that he sought follow-up treatment of any kind. (*Id.*)

Plaintiff has not shown any evidence whatsoever that he suffered an undiagnosed fracture. His claim is without merit and should be dismissed.

### 4.      Plaintiff's Cyst

Plaintiff claims he suffers from a lipoma or cyst under his left arm that requires surgical removal but BOP officials refuse to provide him the necessary surgery. (Doc. No. 2 at 4.) Dr. Tindel states that Plaintiff was seen on July 26, 2012, and a consultation to see a general surgeon was scheduled. (Doc. No. 45 at 7.)  On October 3, 2013, Plaintiff was seen by the surgeon who recommended a CT scan. (*Id.* at 8.) On October 16, 2013, Plaintiff was seen by a dermatologist who

recommended an ultrasound prior to surgery.  (*Id.*)  A biopsy was performed and results showed the cyst was benign.  (*Id.*)  Plaintiff was evaluated in the general surgery clinic on May 1, 2014, and again a CT scan was recommended.  (*Id.* at 9.)  The CT scan was completed on October 9, 2014, and no acute findings were identified.  On May 14, 2015, Plaintiff saw a general surgeon who recommended no further treatment for the left axilla cyst.  (*Id.*)  Plaintiff's medical records indicate that from May 14, 2015, to September 9, 2015, Plaintiff made no additional complaints to medical staff regarding pain or discomfort from his left armpit area.  (*Id*. at 10).  Medical records reveals that Plaintiff never received surgery or any other treatment to address his cyst.

This claim is Plaintiff's most compelling claim of any negligence.  Medical records show that BOP personnel were very slow to respond to Plaintiff's complaints and never conclusively resolved Plaintiff's issue.  Nevertheless, Plaintiff's Complaint reveals his cyst was only a minor issue and the treatment he desired was for his comfort, rather than necessity.  Plaintiff states his left arm rubs the cyst and makes the "area sore" and that "removal of the cyst would greatly improve Plaintiff's bodily function." (Doc. No. 2 at 4.)  He further states, "Plaintiff needs the removal of the cyst to be able to find and maintain productive employment upon release."  (*Id.*)  Plaintiff's Complaint fails to allege negligence.  So, giving full consideration to the medical evidence and Plaintiff's Complaint, I find Defendant's Motion should be granted on this issue, too.

Plaintiff claims that BOP personnel have been negligent in properly treating his four medical conditions.  However, the undisputed facts, including Plaintiff's medical records (Doc. No. 45), reveal Plaintiff received regular treatment and care for all four issues.  Defendant's Motion for Summary Judgment provides strong evidence to support this conclusion.  And Plaintiff has not met the Defendant's proof with proof of his own.  Plaintiff's response to the Motion for Summary Judgment (Doc. No. 39) is merely a continued recitation of the facts outlined in this Complaint (Doc.

Nos. 49-50).  As a result, Plaintiff's Complaint fails as a matter of law.  There exists no issue of material fact in dispute.  Therefore, Defendant's Motion should be GRANTED.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.      Defendant's Motion for Summary Judgement (Doc. No. 39) be GRANTED.

2.      Plaintiff's Complaint (Doc. No. 2) be DISMISSED WITH PREJUDICE.

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 19th day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE